## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LONNY BRISTOW,

     Petitioner

vs

EDWIN VOORHIES,

     Respondent

Case No. 1:06-cv-871

Spiegel, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

While incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio, petitioner filed *pro se* the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. (*See* Doc. 3).

On January 9, 2007, the Court issued a Show Cause Order directing petitioner to submit within thirty (30) days a habeas corpus petition that complies with the requirements set forth in Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. (Doc. 2). Petitioner was notified that his failure to submit a petition in compliance with Rule 2 as ordered would result in the recommendation that the petition be returned to petitioner as insufficient pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and the instant case be dismissed without prejudice to petitioner's refiling a habeas corpus petition that complies with the Court's Order and the Section 2254 Rules. (Doc. 2).

To date, petitioner has failed to submit a petition that complies with the requirements set forth in Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, as ordered by the Court.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for writ of habeas corpus be returned to petitioner as insufficient pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

2. The instant case be dismissed without prejudice to petitioner's refiling a habeas corpus petition that complies with this opinion and the Section 2254 Rules

3. A certificate of appealability should not issue in this case, which this Court has concluded should be dismissed on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[1]

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed.

---

[1] Because the undersigned finds that the first prong of the *Slack* standard has not been met in this case, the Court need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

R. App. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/28/07

KI

Timothy S. Hogan
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LONNY BRISTOW,                  .                    Case No. 1:06-cv-871
      Petitioner

                                                     Spiegel, J.
vs                                                   Hogan, M.J.

EDWIN VOORHIES,
      Respondent

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S.

Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to

Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any

party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after

being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all

other parties written objections to the Report and Recommendation, specifically identifying the

portion(s) of the proposed findings, recommendations, or report objected to, together with a

memorandum of law setting forth the basis for such objection(s).  Any response by an opposing

party to the written objections shall be filed within ten (10) days after the opposing party has been

served with the objections. *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in

accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.

*See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).